IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KEVIN KNOPE,

        Plaintiff,

v.

ABIGAIL PIERREPONT JOHNSON,
ANTHONY CLEMENT KOBLINSKI,

        Defendants.

OPINION and ORDER

Case No. 16-cv-380-wmc

*Pro se* plaintiff Kevin Knope brings this lawsuit against defendants FMR LLC and Madison Kipp Corporation, claiming that they conspired to injure his business.[1] Knope is proceeding without prepayment of the filing fee, so his complaint is before the court for screening under 28 U.S.C. § 1915(e)(2). In addressing any *pro se* litigant's complaint, the court must construe the allegations generously. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this lenient standard the court concludes that this case must be dismissed for the reasons set forth briefly below.

Federal courts have limited jurisdiction, which means that they may hear a case only if Congress has authorized it. Generally, a federal court may exercise jurisdiction over a case in one of two situations: (1) the plaintiff brings a claim that arises under federal law, 28 U.S.C. § 1331; or (2) the plaintiff and defendants are citizens of different states and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332.

Section 1331 jurisdiction is not present here. Although Knope claims that he is suing under 18 U.S.C. § 241, that statute criminalizes conspiracies to "injure oppress, threaten, or

---

[1] Knope's complaint named Abigail Pierrepont Johnson and Anthony Clement Koblinski as defendants, but then he filed a motion to substitute FMR LLC and Madison Kipp Corporation, as the only defendants. (Dkt. #6.) That motion is granted and the court has considered the information about the citizenship of those defendants Knope provided in that motion for purposes of this order.

intimidate" another in the "free exercise or enjoyment of any right or privilege" secured by the Constitution of laws of the United States. It provides for criminal punishments, and does not create a private cause of action that would permit this court's jurisdiction over this matter.

Reading his allegations generously, Knope could be raising a state law claim of civil conspiracy or tortious interference. Yet this court does not have jurisdiction under § 1332. Indeed, Knope alleges that he lives in Wisconsin, that FMR LLC is located in Massachusetts and that Madison Kipp Corporation is located in Wisconsin. Therefore, diversity jurisdiction is not present. Knope therefore must pursue his state law claim in state court.

For all of the foregoing reasons, Knope's complaint must be dismissed for lack of subject matter jurisdiction.

ORDER

IT IS ORDERED that plaintiff Kevin Knope's Motion to Substitute (dkt. #6) is GRANTED, and this case is DISMISSED for lack of subject matter jurisdiction.

Entered this 16th day of May, 2017.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge